UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODRIC PROVOST,

    Plaintiff,        Case No. 4:26–cv–11063

v.               District Judge Kay. F. Behm

                Magistrate Judge Anthony P. Patti

DARRELL BARROWS et al.,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 4)

### A. Instant Motion

Currently before the Court is Plaintiff's April 1, 2026 motion for appointment of counsel.  In his motion, Plaintiff respectfully requests counsel be appointed in this civil matter because proving his claim requires evaluation of medical conditions, practices, and procedures, and because an attorney would facilitate communications between Plaintiff and witnesses.  Plaintiff states that he cannot afford an attorney and that his attempt to recruit *pro bono* counsel was unsuccessful.

## B. Recruitment of Counsel

As a preliminary matter, the Court does not have authority to appoint private counsel in civil litigation. Proceedings in *forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to undertake such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case is, therefore, "a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

Regarding prisoner civil rights cases, the Sixth Circuit Court of Appeals has held that "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (internal and external citations omitted). Whether a case involves exceptional circumstances turns on (1) the probable merit of the claims, (2) the nature of the case, (3) the legal and factual complexity of the issues raised, and (4)

the litigant's ability to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985). The Court has reviewed the record in light of these factors and finds that there are no exceptional circumstances that would justify the recruitment of counsel.

### C. Analysis

#### 1. The Probable Merits of Plaintiff's Claims

Plaintiff, a state prisoner, alleges in his complaint that the Defendants' treatment of his medical condition was so inadequate as to rise to the level of deliberate indifference to a serious medical need in violation of the Eighth Amendment. (*See* ECF No. 1, PageID.37, 44, 51, 59, 68). More specifically, he alleges that his pain, which was an indicator of an undiagnosed mass in his left breast, was largely ignored for 20-months and the treatment that was provided was cursory and ineffective, leading to prolonged and unnecessary suffering. (*Id.*, PageID.3-4.) It is too early for the Court to assess the merits of Plaintiff's claims.

In view of the limited number of *pro bono* counsel and the significant number of individuals seeking their assistance, the Court generally does not recruit counsel until the case has survived all dispositive motion practice. Here, the parties

can bring dispositive motions until February 18, 2027. (ECF No. 20, PageID.468).

Accordingly, absent extraordinary circumstances, it is too early for the Court to

recruit *pro bono* counsel.

### 2.  Nature of the Case and Complexity of the Issues

The legal and factual issues raised in Plaintiff's complaint are not

extraordinarily complex or unusual; indeed, due to the clarity of Plaintiff's own

pleadings, they are relatively straightforward.  Nor does Plaintiff identify any legal

theories that suggest the existence of an exceptional circumstances. (*See generally*

ECF Nos. 1, 1-1, 1-2, 1-3, 20). Further, while claims involving medicine may often

be complex or unusual − particularly in the context of medical malpractice claims

where duty, breach and causation must generally be proven through expert

testimony, except in the rare cases where *res ipsa loquitor* applies[1] − Plaintiff's

claims sound in constitutional law and involve a showing of deliberative

indifference to a serious medical need under the Eighth Amendment. *See Johnson*

*v. Gentry*, No. 2:17-cv-01671-APG-EJY, 2021 U.S. Dist. LEXIS 126207, *4 (D.

Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive

force claims, Eighth Amendment deliberate indifference to medical needs and

Eighth Amendment conditions of confinement claims were not complex). Though

---

[1] *See, e.g.*, Mich. Comp Laws 600.2912a, 2912d, 2954 and *Miller v. Jacoby*, 33
P.3d 69 (Wash. 2001).

counsel would be helpful in the instant case, the Court does not find that the nature and complexity of this case favor the recruitment of counsel at this time.

### 3.  Plaintiff's Ability to Represent Himself

Plaintiff asserts that he cannot adequately represent himself because his case involves "complicated medical language and practices" that "should be explained by trained medical professionals whenever possible." (ECF No. 4, PageID.397). He additionally claims that having an attorney would facilitate communication between Plaintiff and Plaintiff's witnesses. (*Id.* at PageID.398).

Despite his concerns, Plaintiff presents his arguments clearly and comprehensively.  His complaint is typed, divided into distinct sections and claims, and covers jurisdiction, the roles of the defendants, and his grievance history.  It covers subjective and objective elements of deliberate indifference and cites case law.  At 79 pages, it is excessively long and does not provide the "short and plain" statement of the claim that is referred to in Fed. R. Civ. P. 8(a)(1); however, it provides a comprehensive history and makes a clear prayer for relief.  Plaintiff has more than adequately represented himself thus far and exceeds the skill level displayed by most *pro se* litigants and even some attorneys.  Plaintiff apparently works or has worked as a legal writer, (*see* ECF No. 1, PageID.85, 87; ECF No. 1-2, PageID.273, 275), and is therefore better equipped than most *pro se* litigants to

represent himself.  And while it is possible that having an attorney would better facilitate communication between Plaintiff and his witnesses, this is true of all prisoners; it is not an exceptional circumstance. On these facts, the Court is satisfied that the Plaintiff can ably represent himself in this matter, at least until the matter is beyond discovery and gearing up for trial.

### D. Order

For the reasons stated herein, Plaintiff's motion for appointment of counsel (ECF No. 4) is **DENIED WITHOUT PREJUDICE.** Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other exceptional circumstances demonstrate such a need in the future.

It is **SO ORDERED.**[2]

Dated: July 6, 2026

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).