UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODRIC PROVOST,

        Plaintiff,

v.

MICHELLE BRAY,
DARRELL BARROWS, and
SHARON OLIVER,

        Defendants.

_____/

Case No. 4:26-cv-11063

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO ORDER DEFENSE COUNSEL TO REGISTER WITH TEXTBEHIND (ECF No. 21)

**A.    Background**

Brodric Provost is currently located at the Michigan Department of Corrections' (MDOC's) Muskegon Correctional Facility (MCF). *See* www.michigan.gov/corrections, "Offender Search."  On April 1, 2026, while located at MCF, Provost filed the instant lawsuit *in pro per* against three Defendants:  (1) Darrell Barrows, N.P. of the MDOC's St. Louis Correctional Facility (SLF); (2) Sharon Oliver, M.D. of SLF; and, (3) Michelle Bray, N.P. of MCF.  (ECF No. 1, PageID.1-3.)

1

Plaintiff is proceeding *in forma pauperis* (ECF No. 2, 8), Defendants appeared via counsel on May 5, 2026 (ECF Nos. 14-16), and, shortly thereafter, they filed answers to the complaint with affirmative defenses (ECF Nos. 17-19).

Judge Behm has referred this case to me for pretrial matters.  (ECF No. 11.) Since then, I have entered several orders (*see*, *e.g.*, 12, 13, 22), including one setting the discovery deadline for December 18, 2026 and the dispositive motion deadline for February 18, 2027 (*see* ECF No. 20).

**B.     Instant Motion**

Currently before the Court is Plaintiff's June 24, 2026 "motion to order defense counsel . . . to register with TextBehind end-to-end verification system[.]" (ECF No. 21.)  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  Any response to this motion was due on or about July 8, 2026.  *See* E.D. Mich. LR 7.1(e)(1)(A).

To date, no response has been filed.  Thus, the Court proceeds as if this motion is unopposed.

**C.     Discussion**

**1.     MDOC Policy Directive 05.03.118 ("Prisoner Mail")**

MDOC PD 05.03.118, which went into effect on February 9, 2026, contains several provisions concerning "mail requiring special handling," which includes

2

"legal mail" and "confidential mail."  (*Id*., ¶¶ JJ-PP.)  (*See also* ECF No. 21, PageID.476-490 [Attach. B].)  "Legal mail" is "[c]orrespondence sent by a prisoner's attorney or the attorney's representative that includes attorney-client communications or other private legal materials."  (*Id*., ¶ JJ(a).)  "Confidential mail" is "[c]orrespondence designated by [*e.g.*, the Department of Attorney General, a court or clerk of the court, *etc*.] or their employees as containing confidential, personal, or privileged mail that does not qualify as attorney-client protected mail but warrants special handling[.]"  (*Id*., ¶ JJ(b).)

Of particular import to the matter at bar are the policy directive's provisions concerning "verification of mail requiring special handling through TextBehind[,]" which "is an end-to-end verification system to ensure special handling mail is sent from legitimate and verified sources and to help eliminate contraband from incoming mail[,]" and "will ensure all special handling mail is sent from legitimate and verified sources."  (*Id*., ¶¶ KK-MM.)  As to "confidential mail," the policy directive provides:

> Any entity identified in Paragraph JJ(b) that wants confidential mail to receive special handling must be registered and verified through TextBehind.  This designation is made by the sender.  All confidential mail designated by the sender to receive special handling must prominently display a valid QR code issued by TextBehind.  Confidential mail that does not contain a QR code will be processed as regular mall.

(*Id*., ¶ LL(b).)

### 2.     Alleged delays in receipt of filings

At the time of Plaintiff's motion, which was dated June 16, 2026, Plaintiff contended he had yet to receive copies of Defendants' May 13, 2026 answers (*see* ECF Nos. 17-19).  (ECF No. 21, ¶ 2.)  Moreover, he contends he did not receive the Court's April 27, 2026 order (ECF No. 12) until May 18, 2026.  (ECF No. 21, ¶ 3.)  (*See also* ECF No. 21, PageID.475 [Attach. A].)  Citing Paragraph JJ, Plaintiff contends that now court orders are "processed with all other mail[,]" unless a QR code is affixed to the mailing envelope.  (ECF No. 21, ¶ 4.)

Thus, Plaintiff asks the Court to order *the Clerk of the Court* and *defense counsel (Lindsay Elizabeth DeCarlo)* "to register with TextBehind end-to-end verification system[,]" so that "all incoming legal mail will remain confidential, and there will remain tangible evidence of each delivery date."  (ECF No. 21, ¶ 5.)

### 3.     Clerk of the Court

Upon consideration, the Court will not order the Clerk of the Court to register and utilize TextBehind.  MDOC PD 05.03.118 would not require the Clerk of the Court to do so unless it "wants confidential mail to receive special handling . . . ."  (*Id.*, ¶ LL(b).)  In most cases, the matters mailed to Plaintiff by the Clerk of the Court are matters of public record.  *See, e.g., Aikens v. Collier*, No. 2:25-CV-13508, 2026 WL 1247434, at *1 (E.D. Mich. May 6, 2026) (Morris, M.J.) ("In the prior Order, the Court explained that it does not utilize the TextBehind system for

outgoing correspondence because MDOC policy does not require courts to do so. The Court further explained that routine docket materials do not constitute confidential legal mail requiring special handling.  While the Court is sympathetic to Plaintiff's concerns regarding the handling of his mail, these concerns would be better directed at MDOC.").

### 4.       Defense counsel

Upon consideration, the Court will not order defense counsel to register and utilize TextBehind.  Again, MDOC PD 05.03.118 would not require defense counsel to do so unless she "wants confidential mail to receive special handling . . . ."  (*Id.*, ¶ LL(b).)  Moreover, as at least one court has noted:  "Plaintiff would not receive legal mail, as the amendments define that term, from counsel for the opposing parties."  *Kirklin Hamlin, Plaintiff, v. Donald McGehee, et al., Defendants.*, No. 1:25-CV-81, 2026 WL 1335514, at *3 (W.D. Mich. Mar. 20, 2026) ("Even if defense counsel has not registered with TextBehind and does not affix a valid QR code to confidential mail, the amendments do not require MDOC to return confidential mail.  The amendments state that such correspondence will be processed as regular mail.  If Plaintiff has not received some of Defendants' filings, the recent amendments do not appear to be the reason for the problem.").  Although the Court acknowledges Plaintiff's June 16, 2026 statement that he never received copies of Defendants' May 13, 2026 answers, each of the certificates of

service states:  "I further certify that I have concurrently served a true and accurate copy of the above Motion by First Class U.S. Mail to pro se Plaintiff at his listed correctional address for service."  (ECF No. 17, PageID.444; ECF No. 18, PageID.454; and, ECF No. 19, PageID.465.)  The Court takes counsel – who is an officer of this Court – at her word.  It would have been worthwhile for Plaintiff to simply ask defense counsel for  another set of responses, or to inquire by letter as to where they were; however, as a courtesy, defense counsel should re-serve the May 13, 2026 answers.

**D.     Order**

Accordingly, Plaintiff's motion (ECF No. 21) is **DENIED**.  Notwithstanding this ruling, the Court **DIRECTS** the Clerk of the Court to serve a copy of this order upon the Corrections Division of the Department of Attorney General (c/o Lisa Geminick, Acting Bureau Chief, Environment & Government Operations Bureau, 525 W Ottawa St, PO Box 30217, Lansing, MI 48933-1067), so that the MDOC is aware of Plaintiff's allegations of delayed receipt of mail at MCF.[1]

**IT IS SO ORDERED.**

Dated:  July 21, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] It seems Plaintiff has been located at the MDOC's MCF for the duration of this lawsuit.  (*See* ECF No. 1, PageID.75; ECF No. 21, PageID.474.)