UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRODRIC PROVOST,

Plaintiff,

v.

MICHELLE BRAY,
DARRELL BARROWS, and
SHARON OLIVER,

Defendants.
_____________________________________/

Case No. 4:26-cv-11063

District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 30)**

## A. Background

Brodric Provost is currently located at the Michigan Department of Corrections' (MDOC's) Muskegon Correctional Facility (MCF). *See* www.michigan.gov/corrections, "Offender Search" (last visited Nov. 12, 2026). On April 1, 2026, while located at MCF, Provost filed the instant lawsuit *in pro per* against three Defendants: (1) Darrell Barrows, N.P. of the MDOC's St. Louis Correctional Facility (SLF); (2) Sharon Oliver, M.D. of SLF; and, (3) Michelle Bray, N.P. of MCF. (ECF No. 1, PageID.1-3.)

Plaintiff is proceeding *in forma pauperis* (ECF No. 2, 8), Defendants appeared via counsel on May 5, 2026 (ECF Nos. 14-16), and, shortly thereafter, they filed answers to the complaint with affirmative defenses (ECF Nos. 17-19).

Judge Behm has referred this case to me for pretrial matters. (ECF No. 11.) Since then, I have entered several orders (*see*, *e.g.*, 12, 13, 22, 23, 26, 31), including one setting the discovery deadline for December 18, 2026 and the dispositive motion deadline for February 18, 2027 (*see* ECF No. 20).

**B. Instant Motion**

Currently before the Court is Plaintiff's October 26, 2026 motion to compel discovery. (ECF No. 30.) Absent an order stating otherwise, a response was due on or about November 9, 2026. E.D. Mich. LR 7.1(e)(1)(A).

To date, no response has been filed. Thus, the Court proceeds as if this motion is unopposed. *See* E.D. Mich. LR 7.1(c)(1). Nonetheless, for the reasons stated below, the motion must be denied.

**C. Discussion**

**1. Discovery Allegedly Owed**

Plaintiff claims to have served discovery on Defendants on August 28, 2026 and then to have re-served his requests on September 14, 2026, in support of which he attaches a legal mail disbursement authorization (attached as his Exhibit "A") showing the latter of those two dates but not identifying what the mailing

contained. (ECF No. 30, PageID.900.) He does not attach copies of his discovery requests or a certificate of service proving what was sent in August and/or September, and, thus, contrary to the requirements of E.D. Mich. Local Rule 37.2, the Court has no way of knowing exactly what is at issue.[1]

Instead, Plaintiff claims that the discovery requests at issue (requests for production and admission and interrogatories) are attached to his motion as Exhibit "B" (ECF No. 30, PageID.896); however, all of the discovery requests attached as Exhibit "B" are dated and/or have a certificate of service for October 20, 2026, the same day that the motion was signed (*id*., PageID.903, 905, 907, 909, 912, 914, 916), meaning that responses were not yet due with respect to these requests for another 30 days after the motion was submitted. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) and 36(a)(3). Indeed, in a letter dated September 14, 2026, Plaintiff informs Defendants that his earlier attempt to serve discovery was returned to sender "Refused [or] Unable to Forward" and that he has "already prepared a Motion to Compel … if you fail to respond according to the Federal Rule

---

[1] Indeed, a September 13, 2026 JPay communication from defense counsel and attached to the motion is indicative that she too was baffled as to what had allegedly been served on her, as she queried: "What case is this regarding? And what is the legal mailing?" (ECF No. 30, PageID.919.) To complicate matters further, Plaintiff states that, "No additional emails have been received from Defense counsel to Cami (the Plaintiff's friend) as of date[,]" (*id*. PageID.896); however, defense counsel has no obligation to send *anything* to *anyone* other than Plaintiff himself or an attorney at law representing him. *See* Fed. R. Civ. P. 5(a)(1) & (b).

requirement." (*Id.*, PageID.925.) In other words, Plaintiff was ready to file a motion to compel even before knowing whether he would receive responses.

In any case, Plaintiff's failure to comply with E.D. Mich. LR 37.2's requirement that he attach the August or September 2026 requests at issue, his failure to demonstrate service of those requests, and his attachment of the October 20, 2026 discovery requests to which responses were not yet due requires the Court to deny his motion. That said, Defendants are admonished to answer whatever discovery has been served upon them in a timely manner, to respect Plaintiff's right to obtain discovery within the discovery period in the same way they would if served by an attorney on his behalf, and to appreciate that failure to respond or object within the deadlines contained in the above referenced Rules may result in any objections they may have being deemed waived.

**2. Plaintiff's "Additional Discovery Requests"**

Finally, Plaintiff argues that Defendants made inaccurate assertions in their response to his motion for a preliminary injunction. (*Id.*, PageID.898.) He consequently states that, "[f]or these reasons, the Plaintiff ask[s] for two additional discovery request[s,]" under which he quotes two document requests that he wants answered. (*Id.*) He should know that he may not serve discovery requests by merely quoting them to the Court, as this Court has previously rejected discovery requests from him, which he acknowledges in this very motion. (*Id.*, PageID.895.)

Moreover, E.D. Mich. LR 26.2 expressly prohibits the filing of discovery materials with the Court in the first instance, with limited exceptions that are not met here. Thus, his request for new discovery from Defendants within his motion is rejected by the Court; instead, he must serve his new production requests directly on Defendants in accordance with Fed. Rules Civ. P. 34 and 5(b)(1) and, as already explained in the scheduling order, "sufficiently in advance of the discovery cutoff to allow the opposing party adequate time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery." (ECF No. 20, PageID.469.) With a December 18, 2026 discovery deadline looming, he is quickly running out of time. (*See id*. PageID.468.)

**D. Order**

Accordingly, Plaintiff's motion (ECF No. 30) is **DENIED**.

**IT IS SO ORDERED.**[2]

Dated: November 12, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).